UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT J. RODGERS, Jr.,

    Petitioner,

Case No. 2:24-cv-13368

v.

Honorable Susan K. DeClercq
United States District Judge

MATT MACAULEY,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Lamont J. Rodgers, Jr., ("Petitioner"), currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 1, and also a motion to stay the proceedings, ECF No. 2. In his application, Petitioner challenges his conviction for first-degree home invasion, armed robbery, and felony-firearm in the Circuit Court for Ingham County, Michigan. However, because the proper venue for this petition is the Western District of Michigan, this Court will order that the petition be transferred to that District.

**I. DISCUSSION**

28 U.S.C. § 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) thus allows a state prisoner who seeks relief from a state-court conviction to file a petition for a writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined—provided that both judicial districts are located within the same state. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Jud. Cir. Ct. of Ky.,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490 n.3 (1971). 28 U.S.C. § 2241(d) "explicitly" governs the jurisdiction of a federal court over habeas petitions. *See Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819–20 (E.D. Mich. 1988); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may *sua sponte* transfer a habeas petition to the appropriate federal district court. *See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner was convicted in Ingham County, Michigan, ECF No. 1 at PageID.1, and is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, *id.* at PageID.15. Both of these locations are in the Western District of Michigan. Thus, this Court—located in the Eastern District of Michigan—lacks jurisdiction over the Petitioner's claims. *See Wadsworth v. Johnson*, 235 F.3d 959, 962–63 (5th Cir. 2000) (recognizing that a federal district court lacks jurisdiction over a state prisoner's habeas petition when the petitioner was not convicted, sentenced, or incarcerated within that district). Because Petitioner was convicted and sentenced in a state court located in the Western District of Michigan, and because he is currently incarcerated in a facility located in that district, the Western District of Michigan is the only court with jurisdiction to hear his § 2254 petition. *See Carmona v. Andrews,* 357 F.3d 535, 537–39 (5th Cir. 2004); *see also Young v. Horton,* No. 2:19-CV-12710, 2019 WL 4732481, at *1 (E.D. Mich. Sept. 26, 2019); *Manes v. Bell,* No. 07-CV-11716, 2007 WL 1228093, at *1 (E.D. Mich. Apr. 23, 2007) ("Because both the place of conviction and the locale of incarceration are in the Western District of Michigan, the only proper place of venue would be that district.") (citation omitted). Accordingly, this Court will transfer the matter to the United States District Court for the Western District of Michigan under § 2241(d). *See Dilworth v. Johnson*, 215 F.3d 497, 499 n.1 (5th Cir. 2000).

## II. CONCLUSION

Accordingly, it is **ORDERED** that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan according to 28 U.S.C. § 1404(a).

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 19, 2025